UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DEJAN TADIC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 17-638 |
| | ) | |
| ANTHEM BLUE CROSS AND BLUE SHIELD, | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Dejan Tadic, and for his complaint against Defendant, Anthem Blue

Cross and Blue Shield, states the following:

### PARTIES

1. Plaintiff, Dejan Tadic ("Tadic"), is and at all relevant times has been a resident of

     Missouri.

2. Defendant, Anthem Blue Cross and Blue Shield, is an insurer with a principal place of

     business located in 1831 Chestnut Street, St. Louis, Missouri.

3. Defendant is licensed to do business in the State of Missouri.

4. Tadic seeks recovery on a claim under the Eli Lilly and Company Health plan

     administered by Defendant.

### JURISDICTION AND VENUE

5. This Court has jurisdiction of the subject matter of this cause pursuant to the Employment

     Retirement Income Security of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and 29 U.S.C.

     § 1132(a)(3).

6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1132(e)(2), as the

1

breach occurred in this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

STATEMENT OF FACTS

7.  On or around October 5, 2014, Tadic was involved in a motor vehicle accident. He sought emergency treatment at North Kansas City Hospital in Clay County, Missouri. Tadic remained there from October 5 to October 7, 2014.

8.  The costs of the emergency treatment amounted to $55,760.64.

9.  The Eli Lilly and Company Health Plan ("Plan") afforded Tadic health insurance as a covered dependent.

10. Section 11.01 of the Plan provides in part that "the Plan Administrator must receive all claims for benefits under the Plan within 12 months (365 days) after the date of service."

11. Tadic properly filed and submitted his claim under this and all other applicable Plan sections.

12. Section 15.03(a)(1) of the Plan provides in part that "[a]n Urgent Claim is any claim for medical care or treatment where making a determination under the normal timeframes could seriously jeopardize the life or health of the Eligible Employee or Covered Dependent or his ability to regain maximum function, or in the opinion of a Physician with knowledge of the claimant's medical condition, would subject him to severe pain that could not adequately be managed without the care or treatment that is the subject of the claim."

13. The claim resulting from Tadic's motor vehicle accident constituted an Urgent Claim.

14. Section 15.03(a)(1) also states that the Plan Administrator must provide notice of

2

determinations made under this section "as soon as possible [. . .] and in no case later than 72 hours after receipt of the claim." The section allows for oral notice, but it also requires that "written notice must be provided within 3 days of oral notice."

15. Tadic received neither oral nor written notice of the determination of his claim.

16. Section 15.03(a)(3) sates in part that a Post-Service Claim is a claim "for services that have already been rendered, or where the Plan does not require Prior Authorization."

17. If a Post-Service Claim is denied, the Claims Administrator "will send a notice to the claimant within a reasonable time period, but no later than 30 days from the receipt of the claim."

18. Tadic did not receive written notice of Defendant's denial of his claim.

19. Section 15.03(a)(5) states in part that if a claim is properly filed and is denied in whole or in part, a notice of the adverse benefit determination must (1) state the reason for the adverse determination and specific plan provisions upon which the determination is based on; and (2) explain the scientific or clinical judgment if he denial is based on medical necessity.

20. Sections 15.03(a)(1), 15.03(a)(3), and 15.03(a)(5) govern Tadic's claim.

21. Despite properly filing his claim, Tadic did not receive written notice of a denial or the reasons for the denial.

22. On June 17, 2016, an employee for Defendant informed Tadic over the phone that Defendant denied Tadic's claim on June 1, 2016. Defendant advised Tadic that the denial was based on a May 19, 2016 review of Tadic's medical file.

23. Tadic received no written notice of the decision, and Defendant did not otherwise provide Tadic with documentation of its decision to deny his claim.

3

24. Section 15.03(b)(1) states that a claimant may request review of a denied claim by submitting a written request to the Claims administrator within 180 days after he or she receives notice that the claim was denied. The request may be signed by the claimant or his authorized representative.

25. Although Tadic did not receive written notice of the denial, on August 1, 2016, in an effort to resolve the claim, he sought review from Defendant.

26. Section 15.03(b)(4) affords Defendant 60 days to respond to a request for review.

27. On December 13, 2016, Tadic informed Defendant via certified mail that it was in violation of Section 15.03(b)(4).

28. Defendant did not respond to Tadic's correspondence.

## INFORMATION REGARDING TRIAL

29. No jury trial is allowed under ERISA law.

## PRAYER FOR RELIEF

### COUNT I: UNPAID MEDICAL BILLS

30. Tadic realleges paragraphs 1-29 as if fully set forth herein.

31. Defendant failed to pay the $56,050.64 bill for emergency treatment that Tadic received at North Kansas City Hospital from October 5, 2014 to October 7, 2014.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3), Tadic prays for judgment ordering Defendant to pay $56,050.64 for medical treatment and other applicable expenses together with any other orders just in the premises including his costs herein expended.

### COUNT II: BREACH OF FIDUCIARY DUTY

32. Tadic realleges paragraphs 1-31 as if fully set forth herein.

33. Defendant is an ERISA fiduciary responsible for examining, processing and paying

4

claims made under the Plan.

34. Tadic is a covered dependent of a participant in the appropriate employer-based health insurance plan as previously indicated.

35. As a fiduciary, Defendant breached its duty of discharging the Plan with care, skill, prudence, and diligence under the circumstances prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise able like character and with aims. Defendant (1) failed to provide a reasonable claims review procedure; (2) failed to comply with the claims review procedure that was in place; (3) failed to supply Tadic notice of its decision on his claim; (4) did not avoid making material misrepresentations to Tadic; and (5) induced Tadic's reliance through conduct that was inconsistent with the Plan's terms and provisions.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1109, and 29 U.S.C. § 1132(a)(2) Tadic prays for judgment finding that Defendant violated its fiduciary duty and for further relief as the Court deems necessary and just.

## COUNT III: ATTORNEY FEES

36. Tadic realleges paragraphs 1-35 as if fully set forth herein.

37. Defendant's actions constitute bad faith; there are no bases in the Plan upon which Defendant could exclude Tadic from coverage and deny payment for his claims. As such, Defendant's conduct resulted in the damages giving rise to this lawsuit.

38. As a result of Defendant's actions, Tadic has incurred legal fees and other costs. Tadic seeks reimbursement for these and for such other equitable relief that is a consequence of Defendant's decision to deny Tadic's claims.

WHEREFORE, pursuant to 29 U.S.C. § 1132(g)(1), Tadic prays for judgment requiring

5

Defendant to pay attorney fees and costs, and such further relief as this Court may deem just.

## COUNT IV: PENALTIES

39. Tadic realleges paragraphs 1-38 as if fully set forth herein.

40. Defendant did not provide Tadic with notice that it had denied his claim.

41. Defendant did not respond to Tadic's August 1, 2016 request for review of Defendant's decision deny his claim.

42. Defendant did not respond to Tadic's December 13, 2016 correspondence seeking information about the status of his claim and/or appeal.

43. ERISA imposes on claims administrators the duty to establish and maintain reasonable claims procedures. 29 C.F.R. § 2560.503-1(b). It also sets out requirements for timing of notification of benefit determinations and appeals of adverse determinations. 29 C.F.R. § 2560.503-1(f), (h)(2).

44. ERISA authorizes discretionary penalties for an administrator's failure to provide required documents. 29 U.S.C. § 1132(c); 29 U.S.C. § 1133. Additionally, 29 U.S.C. § 1132(c)(3) specifies the rates and manner in which penalties shall accrue.

45. Defendant's failure to comply with 29 C.F.R. § 2560.503-1(f) and 29 C.F.R. § 2560.503-(h)(2) warrants the imposition of statutory penalties against Defendant.

WHEREFORE, Tadic prays for judgment assessing statutory penalties due to Defendant's failure to provide required documents, and such further relief as this Court deems just and proper.

## COUNT V: EQUITABLE RELIEF

46. Tadic realleges paragraphs 1-45 as if fully set forth herein.

47. Unless a preliminary and permanent injunction is entered, Tadic will suffer irreparable harm in that Defendant's conduct has negatively impacted Tadic's credit score and may

6

cause medical providers to decline to provide Tadic care and treatment.

48. Tadic is without an adequate remedy of law to protect his interest and rights.

WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3), Tadic prays for judgment against Defendant entering the preliminary injunction or any other order the Court deems necessary and just.

## COUNT VI: DECLARATORY JUDGMENT

49. Tadic realleges paragraphs 1-48 as if fully set forth herein.

50. Defendant denied payment for Tadic's medical treatment without properly reviewing his claim.

51. At no time did Tadic contribute to Defendant's failure to properly review his claim, nor was Tadic responsible for Defendant's failure to pay his claim.

52. Through the relevant time period, Defendant received payments for insurance premiums, as required by the Plan.

53. The Plan provided Tadic health insurance coverage.

54. As a result of the Plan's coverage, Defendant owes to Tadic approximately $56,050.64 for medical treatment and other expenses.

55. Tadic is entitled to recover for the amounts that the Plan required Defendant to pay.

WHEREFORE, Tadic prays for declaratory judgment finding that the Plan afforded Tadic coverage and that Defendant was liable for Tadic's medical treatment and other expenses for the period of October 5, 2014 to October 7, 2014, as well as all other relevant times.

## CONCLUSION

For the foregoing reasons, Tadic prays for judgment in his favor against Defendant for $56,050.64. Tadic also seeks a declaratory judgment against Defendant, as well as interest, costs,

7

attorney's fees, statutory penalties, and such other relief as the Court deems necessary and just.


Respectfully submitted,


BURNETT & DRISKILL, Attorneys

By: /s/ Kyle H. Sciolaro
    Kyle H. Sciolaro #24991
    /s/ Roger M. Driskill
    Roger M. Driskill  #70782
    /s/Tylor Whitham
    Tylor Whitham #69428
    19 North Water Street
    Liberty, Missouri  64068
    816.781.4836
    816.792.3634 - facsimile
    ksciolaro@burnettanddriskill.com
    rmdriskill@burnettanddriskill.com
    twhitham@burnettanddriskill.com
    ATTORNEYS FOR TADIC

8